# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**December 20, 2013**

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**CLARENCE C. BLANKENSHIP,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0447** (BOR Appeal No. 2046425)
                    (Claim No. 960020718)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**C & G LEASING, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Clarence C. Blankenship, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 23, 2012, in which the Board affirmed a September 2, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 29, 2010, Order denying Mr. Blankenship's request for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Blankenship worked as a mechanic for C & G Leasing, Inc. when he sustained an injury to his back on October 10, 1995. Dr. Guberman found in May of 2000 that Mr.

1

Blankenship had a 12% impairment for the lumbar spine, an 8% impairment for the thoracic spine, a 2% impairment for the loss of sensation in the right leg, and a 20% impairment for sexual dysfunction. Mr. Blankenship submitted a request for permanent total disability on June 9, 2003. The claims administrator denied Mr. Blankenship permanent total disability benefits because he failed to meet the whole person medical impairment threshold.

The Office of Judges held that Mr. Blankenship had not met the required 40% whole person impairment threshold of West Virginia Code § 23-4-6(n) (1999). Mr. Blankenship disagrees and asserts that he has an overall combined whole person impairment rating of 48%, which clearly meets the 40% threshold. The West Virginia Office of Insurance Commissioner maintains that Mr. Blankenship's whole person impairment is 33%, which does not meet the requisite 40% threshold. Dr. Forberg in his November 6, 2003, report recommended a 2% impairment for the right knee, and a 14% impairment for the lumbar spine for a combined total of 16% impairment. The Permanent Total Disability Review Board noted that Dr. Walker recommended 9% whole person impairment for sexual dysfunction, and that 9% combined with the 26% whole person impairment previously found by the Permanent Total Disability Review Board was a total of 33% whole person impairment.

The Office of Judges concluded that the Permanent Total Disability Review Board has the statutory authority to make a decision based on impairment regardless of the amount of permanent partial disability award that has been granted to Mr. Blankenship. The Office of Judges found that the Permanent Total Disability Review Board's recommendation of a total of 33% whole person impairment is supported by the overall medical record, and therefore, Mr. Blankenship has not demonstrated that he met the 40% whole person impairment threshold of West Virginia Code § 23-4-6(n) (1999). The Board of Review reached the same reasoned conclusions in its decision of March 23, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 20, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II